IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK J. HUGHES

  Plaintiff,

v.              Civil Action No. RDB-16-2311

J.P. MORGAN CHASE BANK, N.A., et al.

  Defendants.

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Patrick J. Hughes ("Hughes" or "Plaintiff") brings this action against J.P. Morgan Chase Bank ("Chase"), Wells Fargo Bank, N.A., and DOES I through X[1] alleging a breach of the parties' Settlement Agreement ("Agreement") and, relatedly, asserting a series of contract-based defenses to avoid enforcement of the Agreement. (Complaint, ECF No. 2.)  Originally filed as two separate actions (RDB-16-806 and RDB-16-2311), the cases were consolidated and the RDB-16-806 case was dismissed by Memorandum Order dated November 2, 2016.[2]  (ECF No. 13.)

---

[1] While plaintiff has named DOES I-X in his Complaint in the RDB-16-806 case, plaintiff fails to allege any facts against the unknown individual defendants in his Complaint.  Accordingly, all claims against DOES I-X. are DISMISSED under *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).

[2] RDB-16-806 was originally filed by plaintiff in this Court.  RDB-16-2311 was originally filed by plaintiff in the Circuit Court for Baltimore City, and removed to this Court by defendants—apparently seeking to avoid duplicative litigation—on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.
  As the Order consolidating cases (ECF No. 13) reflects, both cases involve the same subject matter, the same parties, and the same amount in controversy.  This Court properly exercises subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Accordingly, plaintiff's Motion to Remand (ECF No. 17) is DENIED.
  While the RDB-16-806 case has been dismissed as an administrative matter, consistent with the Order consolidating cases, the Court will address arguments raised in both cases in this Memorandum Opinion.

Currently pending before this Court are two Motions to Dismiss.  (ECF Nos. 5, 11).[3]

The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule

105.6 (D. Md. 2014).  For the reasons that follow, defendants' Motions to Dismiss are

GRANTED, and this case is DISMISSED WITH PREJUDICE.

BACKGROUND

The parties' dealings may be traced to a mortgage for an investment property located

in Baltimore between plaintiff and defendants' predecessor-in-interest, Washington Mutual

Bank, F.A.  (ECF No. 11-1 at 2.)   After plaintiff defaulted on the loan, Chase began

foreclosure proceedings.  (*Id.*)  During the course of these proceedings, plaintiff filed several

lawsuits against defendants, including in this Court, in the United States District Court for

the Eastern District of Virginia, in the Circuit Court of Fairfax County, Virginia, and in the

Circuit Court for Baltimore City.  (*Id.*)

The parties subsequently entered into a Settlement Agreement which was intended to

serve as a full and final settlement of all claims between the parties.[4]   (ECF No. 20.)[5]

Pursuant to this Agreement, Chase would provide monetary consideration to Mr. Hughes in

exchange for his release of all claims against them in the several lawsuits he had filed.  (*Id.* at

---

[3] ECF No. 5 was originally filed in this case.  ECF No. 14 became part of this case pursuant to the Order consolidating cases RDB-16-806 and RDB-16-2311.  Unless otherwise indicated, the Motion to Dismiss filed in RDB-16-806 shall be referred to as ECF No. 14.  Similarly, plaintiff's Response in Opposition (ECF No. 10 in RDB-16-806) shall be referred to as ECF No. 15, and defendants' Reply (ECF No. 13 in RDB-16-806) shall be referred to as ECF No. 16.

[4] While not represented by counsel in this case, it appears that Mr. Hughes was advised by his own attorney during the negotiation of the Settlement Agreement.  *See* ECF No. 11-1 at 13 ("Mr. Hughes contends that prior communications control over express terms and provisions of the Settlement Agreement negotiated by his counsel and Chase.")

[5] A copy of the settlement agreement has been filed under seal pursuant to this Court's Order.  (ECF No. 20.)

¶ 5.)  Mr. Hughes also agreed to permit the Substitute Trustee in the foreclosure action to file all pleadings necessary to complete the foreclosure sale of the property subject to the mortgage.  (*Id.* at ¶ 4.2.)  To that end, Mr. Hughes agreed that he "will not move to cancel, postpone or otherwise object to the judicial foreclosure sale."  (*Id.*)  The Settlement Agreement further provides that Chase "may be required to issue a Form 1099 or other tax form reporting the consideration flowing to [Mr. Hughes] under this [agreement] to the Internal Revenue Service and/or other taxing authority."  (*Id.* at ¶ 17.)

Notwithstanding the plain language of the Settlement Agreement,[6] Mr. Hughes alleges in the RDB-16-806 case that Chase breached that contract by notifying him that they would be issuing him an Internal Revenue Service Form 1099-C ("Form 1099-C").[7]  (RDB-16-806, ECF No. 1 at ¶ 6.)  In the RDB-16-2311 case, by contrast, Mr. Hughes asserts several contract-based defenses in order to prevent defendants from issuing him a Form 1099-C pursuant to the Settlement Agreement.  (RDB-16-2311, ECF No. 2.)

Defendants filed Motions to Dismiss in both cases prior to this Court's Order consolidating cases.  (ECF Nos. 5, 14.)  These matters are ripe for the Court's resolution.[8]

---

[6] As the Settlement Agreement is an integral part of the Complaint, defendants may rely on it without turning their motion to dismiss into one for summary judgment.  *Phillips. v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Teras v. Wilde*, No. CV DKC 14-0244, 2015 WL 7008374, at *4 (D. Md. Nov. 12, 2015).

[7] An IRS Form 1099-C is issued by a creditor discharging (by cancelling or forgiving) a debt of $600 or more. The debtor whose debt has been discharged is required under federal tax law to report the amount discharged as income on his Form 1040.  *See* Internal Revenue Service, Form 1099-C, "Instructions for Debtor," available at https://www.irs.gov/pub/irs-pdf/f1099c.pdf (last accessed Nov. 29, 2016).

[8] Plaintiff responded to Defendants' Motion to Dismiss in the RDB-16-806 case.  (The Response in Opposition is now docketed as RDB-16-2311, ECF No. 15.)  On the other hand, Plaintiff never responded to defendants' Motion to Dismiss in the RDB-16-2311 case, but, following the Court's Order consolidating cases, filed a "Motion to Shorten Time to Set Expedited Hearing" (ECF No. 18) and a "Motion for Enlargement of Time to File an Answer to Defendants Motion to Dismiss" (ECF No. 21).

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations omitted). Consequently, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). Rather, to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could draw "the reasonable inference that the defendant is liable for the conduct alleged." *Id.* (internal quotations and citation omitted).

While federal courts are obliged to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990)

---

In light of plaintiff's failure to file any response whatsoever in the four month span between the filing of Defendants' Motion and the Court's Order consolidating cases, plaintiff's Motion for Enlargement of Time (ECF No. 21) is DENIED.

Based on the result reached herein, moreover, plaintiff's Motion to Shorten Time (ECF No. 18) is also DENIED.

(quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)).

ANALYSIS

I.      **Plaintiff's Complaint in the RDB-16-806 Case**

Plaintiff's Complaint in the RDB-16-806 case alleges that Chase breached the parties' Settlement Agreement when it notified Mr. Hughes that Chase would be issuing him an IRS Form 1099.  (RDB-16-806, ECF No. 1 at ¶¶ 6-7.)  Plaintiff seeks a preliminary injunction to bar the issuance of the Form 1099.  (*Id.* at ¶¶ 9-10.)

Chase raises two primary arguments in support of its Motion to Dismiss. (ECF No. 14).  First, Chase argues that plaintiff seeks only an advisory opinion, in violation of Article III of the U.S. Constitution.[9]  (*Id.* at 1).  Second, Chase argues that the Complaint fails to state a plausible claim for relief in light of the plain language of the Settlement Agreement.[10]  (*Id*).

A.  **Failure to State a Claim**

---

[9] The relief sought in the Complaint filed in the RDB-16-2311 case (contract reformation and defenses to contract enforcement) was not—and could not have been—addressed in defendants' argument that plaintiff seeks only a non-justiciable advisory opinion.  It is apparent, however, that plaintiff's Complaint in the RDB-16-2311 action does not seek a mere advisory opinion.  Indeed, defendants do not raise this argument in their Motion to Dismiss in the RDB-16-2311 case.  (ECF No. 11.)  Under the principles set forth in *Flast v. Cohen*, 392 U.S. 93 (1968), *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), and *Shenandoah Valley Network v. Capka*, 669 F.3d 194, 202 (4th Cir. 2012), and in light of the consolidation of the two cases, defendants' Motion will not be granted on the basis of this argument.

[10] Defendants also assert that Plaintiff's claim should be dismissed because it asks for injunctive relief, which is a remedy and not a cause of action. (ECF No. 14 at 1). Construing the *pro se* Complaint liberally, it is evident that Plaintiff's claim sounds in contract, and seeks both monetary and injunctive relief.

Chase argues that the Complaint fails to state a plausible claim for breach of contract based on the plain language of the Settlement Agreement, which expressly authorizes Chase to issue tax reporting forms to the Internal Revenue Service ("IRS").  (ECF No. 14 at 7–9.)

In opposition, plaintiff argues that Chase has no right to file a Form 1099-C because the Settlement Agreement relieved plaintiff of all claims made by Chase.  (ECF No. 15 at 3.)

The Settlement Agreement provides in pertinent part:

"17.  Tax Consequences.  Borrower acknowledges and agrees that he is solely responsible for the payment of any and all federal, state, city or local taxes which might be due and owing as a result of any term contained in this Agreement. The Parties acknowledge that no tax advice has been offered or given by either party, their attorneys, agents, or any other representatives, in the course of these negotiations, and each party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement. **Borrower acknowledges that Borrower may be required by Chase to submit a Form W-9 and that Chase may be required to issue a Form 1099 or other tax form reporting the consideration flowing to the Borrower under this to the Internal Revenue Service and/or other taxing authority**."

(ECF No. 20 at ¶ 17) (emphasis added).

The Settlement Agreement plainly and unambiguously authorizes Chase to issue a Form 1099-C and any other tax reporting documents required by law.  "[F]iling a Form 1099-C is a creditor's required means of satisfying a reporting obligation to the IRS." *F.D.I.C. v. Cashion*, 720 F.3d 169, 179 (4th Cir. 2013).  Thus, plaintiff's allegation that Chase's intended reporting breaches their Settlement Agreement is without merit. Accordingly, plaintiff's Complaint in the RDB-16-806 case fails to state a plausible claim for relief and must be DISMISSED.

II.     **Plaintiff's Complaint in the RDB-16-2311 Case**

Plaintiff's Complaint in the RDB-16-2311 case asserts a series of contract-based defenses to prevent defendants from issuing him a Form 1099 pursuant to the Settlement Agreement.  (ECF No. 2.)  While plaintiff has styled his Complaint as seven separate causes of action, the claims set forth in Count II-VI are construed as arguments in support of plaintiff's request for reformation of the contract.  Count VII seeks declaratory relief.

## A. Plaintiff's Claim for Reformation of the Settlement Agreement (Count I)

Plaintiff raises several arguments in support of his request for reformation of the Settlement Agreement: mistake of law (Count III), unilateral mistake of fact (Counts II and IV), fraud (Count V), and mutual mistake (Count VI).

### 1. Mutual Mistake of Law (Count III)

Plaintiff alleges that reformation of the Settlement Agreement is warranted on account of the existence of a mutual mistake of law.  (ECF No. 2 at ¶ 11.)  Specifically, Plaintiff asserts that the parties misinterpret certain federal tax regulations related to the issuance of Form 1099-C's.  (*Id.*)

Defendants argue in their Motion to Dismiss that because Maryland does not recognize a claim of mutual mistake of law, no relief is warranted on this basis.  (ECF No. 11 at 7–9).

"The general rule is accepted in Maryland that a mistake of law in the making of an agreement is not a ground for reformation."  *Hoffman v. Chapman*, 182 Md. 208, 213, 34 A.2d 438, 441 (1943).  "The rule that a mistake of law is not grounds for rescission is founded on

the principle that ignorance of the law is no excuse." *Janusz v. Gilliam*, 404 Md. 524, 536, 947 A.2d 560, 567 (2008).

Thus, plaintiff is not entitled to reformation on the basis of an alleged mutual mistake of law, and Count III must be DISMISSED.

### 2.   Unilateral Mistake of Fact (Counts II and IV)

In Counts II and IV, plaintiff alleges that reformation is appropriate based on his own, unilateral mistake of fact.  (ECF No. 2 at ¶¶ 10, 12.)  Specifically, plaintiff argues that he misunderstood the terms of paragraphs 6, 7, and 17 of the Settlement Agreement, including, crucially, the tax consequences which he might incur as a result of the settlement. (*Id.*)

In their Motion to Dismiss, defendants cite authority underlining the limited availability of relief based on unilateral mistakes of fact.  (ECF No. 11-1 at 9.)

"The policy of encouraging settlement is so important that, even when the parties later discover that the settlement may have been based on a [unilateral] mistake, settlement agreements will not be disturbed." *McDaniels v. Westlake Servs., LLC*, No. CIV.A. ELH-11-1837, 2013 WL 2491337, at *9 (D. Md. June 7, 2013) (quoting *Nationwide Mut. Ins. Co. v. Voland,* 103 Md.App. 225, 237, 653 A.2d 484, 491 (1995)).  By contrast, when a party's mistake is based on the counterparty's material misrepresentation of fact, equitable relief may be warranted. *Id.*

In this case, plaintiff alleges two mistakes of fact: first, that the value of the consideration paid to him under the Settlement Agreement was "substantially under market value;" second, that defendants were aware that plaintiff's tax liabilities based on the

Settlement Agreement would "ultimately cost Plaintiff Hughes much more in the long run than if he kept the property and continued to litigate the Foreclosure Action." (ECF No. 2 at ¶ 10, 12.) With respect to plaintiff's mistake as to the value of the property, plaintiff fails to point to any misrepresentation on the part of defendants regarding its value. Nor does plaintiff point to any duty on the part of defendants to notify him of the value of the property. On the matter of the tax consequences, the Settlement Agreement expressly provides that: "The Parties acknowledge that no tax advice has been offered or given by either party, their attorneys, agents, or any other representatives, in the course of these negotiations, and each party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement." (ECF No. 20 at ¶ 17.)

The crux of plaintiff's allegations—that defendants stood to benefit financially from the Settlement Agreement and that plaintiff did not fully understand the tax consequences of the settlement—is very much beside the point: equitable relief is available to prevent unfairness, not merely decisions on the part of one party which he later comes to regret. "Equity reforms an instrument not for the purpose of relieving against a hard or oppressive bargain, but simply to enforce the actual agreement of the parties to prevent an injustice which would ensue if this were not done." *Hoffman v. Chapman*, 182 Md. 208, 211, 34 A.2d 438, 440 (1943).

Accordingly, plaintiff's arguments for relief based on unilateral mistake of fact are without merit, and Counts II and IV must be DISMISSED.

### 3. Fraud (Count V)

In Count V, plaintiff alleges that reformation is appropriate based on defendants' fraud.  (ECF No. 2 at ¶¶ 13-14.)  Plaintiff asserts that he "was deceived and misled into signing a writing that differed materially from the prior oral understanding of the parties," and that the version of the agreement which plaintiff ultimately signed was different from the draft version he had previously reviewed.  (*Id.*)

Defendants argue that plaintiff's Complaint fails to meet the heightened pleading standard required for fraud claims, and, moreover, that plaintiff "cannot use his lack of diligence as the basis for a claim of fraud."  (ECF No. 11-1 at 13.)

Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting the fraud or mistake."  Fed. R. Civ. P. 9(b). These circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999).  *See Beck v. Peiffer*, No. CIV.A. RDB-11-3075, 2012 WL 2711253, at *5 (D. Md. July 6, 2012).  A failure to comply with this rule is treated as a failure to state a claim under Rule 12(b)(6).

To recover for a claim of fraud under Maryland law, a plaintiff must show: "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation." *Nails v. S & R, Inc.,* 334 Md. 398, 639 A.2d 660, 668 (Md.1994). With respect to the knowledge or

scienter elements of the cause of action, the United States Court of Appeals for the Fourth

Circuit has noted that "Rule 9(b) allows conclusory allegations of defendant's knowledge as

to the true facts and of the defendant's intent to deceive." *Harrison,* 176 F.3d at 784 (citing 5

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297 (2d

ed.1990)).

In this case, plaintiff's mere conclusory allegations of fraud by defendants fail under

Rule 9(b)'s procedural requirements and under the substantive requirements of Maryland

law.   The gravamen of plaintiff's complaint, as defendants note, is plaintiff's failure to

exercise due diligence when reviewing and signing the Settlement Agreement.  (ECF No. 11-

1 at 13.)  Plaintiff's subsequent dissatisfaction cannot be attributed to any alleged misdeeds

of defendants.

Accordingly, plaintiff's arguments for relief based on defendants' alleged fraud must

fail, and Count V must be DISMISSED.

### 4.   Mutual Mistake of Fact (Count VI)

In Count VI, plaintiff alleges that reformation is appropriate based on mutual mistake

of fact.  (ECF No. 2 at ¶ 15.)  Plaintiff asserts that he "was unclear as to certain clauses in

the Settlement Agreement, more specifically the tax consequences and the termination of all

accounting, loans and deeds of trust."  (*Id.*)

Defendants note the particularly high bar that Maryland courts apply when reviewing

requests for reformation based on mutual mistake and argue that "[a]t best, Mr. Hughes

attempts to recast his unilateral mistakes of fact as somehow being mutual."  (ECF No. 11-1

at 14.)

Plaintiff's own allegations belie his assertion that there exists a *mutual* mistake of fact: "Apparently, Plaintiff was unclear as to certain clauses in the Settlement Agreement, more specifically the tax consequences and the termination of all accounting, loans and deeds of trust."  (ECF No. 2 at ¶ 15) (emphasis added).  As no *mutual* mistake has even been alleged, the Settlement Agreement may not be reformed on this basis.

Accordingly, plaintiff's arguments for relief based on mutual mistake of fact fail, and Count VI must be DISMISSED.

### B.  Request for Declaratory Relief

Alongside his claim for reformation of the Settlement Agreement, plaintiff also seeks declaratory relief.  While plaintiff asserts that "[a]n actual controversy has arisen and now exists between plaintiff and defendant," and asks the Court for "a judicial determination of the respective rights and duties, and a declaration as to the duties of the parties," the precise nature of the controversy alleged is unclear from the pleadings.  (ECF NO. 2 at ¶ 16-17.) Viewed alongside the other claims set forth in the Complaint and the Wherefore clause that follows, it appears that plaintiff seeks equitable reformation or rescission of the Settlement Agreement.  As set forth in detail above, however, plaintiff fails to allege facts which would warrant the exercise of the Court's equitable powers.  As previously noted: "Equity reforms an instrument not for the purpose of relieving against a hard or oppressive bargain, but simply to enforce the actual agreement of the parties to prevent an injustice which would ensue if this were not done." *Hoffman*, 182 Md. at 211.

Thus, plaintiff fails to allege an adequate basis for declaratory relief, Count VII must

be DISMISSED.[11]

Accordingly, defendants' Motions to Dismiss (ECF Nos 11, 14) are GRANTED.

### III.   Dismissal With Prejudice is Appropriate

"A district court has the discretion to grant a motion to dismiss with or without

prejudice." *Hinks v. Bd. of Educ. of Harford Cty.*, No. CIV. WDQ-09-1672, 2010 WL 5087598,

at *2 (D. Md. Dec. 7, 2010).  When a plaintiff's complaint fails to state a claim, he "should

generally be given a chance to amend the complaint under Fed. R. Civ. P. 15(a) before the

action is dismissed with prejudice." *Id.*  By contrast, "[d]ismissal with prejudice 'is proper if

there is no set of facts the plaintiff could present to support his or her claim.'" *Melanie*

*Wright, Individually & as the Adm'r of the Estate of Earl Wright Plaintiff, pro se v. Nationstar*

*Mortgage, LLC, et al. Defendants.*, PJM 14-3991, 2016 WL 1077164, at *5 (D. Md. Mar. 18,

2016)

While not in the same civil action, plaintiff has already had the opportunity to file two

separate Complaints based the same subject matter, as plaintiff himself has recognized.  *See*

RDB-16-806, ECF No. 17 at ¶ 3.)  Plaintiff's Complaint in the RDB-16-806 case was filed

on March 18, 2016.  (ECF No. 1.)  Defendants moved to dismiss plaintiff's Complaint on

---

[11] Defendants interpret plaintiff's request for a declaratory judgment as based "on the ground that the Settlement Agreement provides inadequate consideration."  (ECF No. 11-1 at 15.)  While the Court recognizes plaintiff's use of the word "consideration," the context in which it is used does not suggest the concept of legal consideration on which defendant bases its argument.
  Even if plaintiff's allegations were based on the alleged insufficiency of the legal consideration (i.e., money) he received under the Settlement Agreement, his claims would fail on this basis. *See Harford Cty. v. Town of Bel Air*, 348 Md. 363, 383-84, 704 A.2d 421, 431 (1998) ("[A]bsent fraud, it is well settled that the Courts of Law ... will not inquire into the adequacy of the value exacted for the promise so long as it has some value. …[T]he law does allow and enforce lopsided contracts.  Generally the law does not require that the consideration be equal or that there be parity, only that the consideration be adequate.")

April 18, 2016.  (ECF No. 5.)  Having already had the opportunity to see the bases for defendants' Motion to Dismiss, plaintiff filed a second Complaint based on the same subject matter on June 22, 2016 in the Circuit Court for Baltimore City.  (RDB-16-2311, ECF No. 1.)  This case was removed to this Court by defendants and is the subject of the instant Memorandum Opinion.  (ECF No. 2.)

In light of the fact that plaintiff has had two opportunities to plead plausible claims for relief, and, moreover, recognizing defendants' clear contractual right to issue plaintiff an IRS Form 1099-C—the gravamen of both complaints—this Court finds that dismissal of plaintiff's Complaints shall be WITH PREJUDICE.

CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF Nos. 11, 14) are GRANTED and this case is DISMISSED WITH PREJUDICE.

A separate Order follows.


Dated:  November 29, 2016            ____/s/_____
                                     Richard D. Bennett
                                     United States District Judge